NATIONAL HOUSE AND FARMS ASSOCIATION, INC.,
complainant-respondent,

*v.*

NEW YORK SASH AND DOOR CO., INC., defendant-appellant.

[Argued. October 25th, 1943.    Decided April 13th, 1944.]

*Mr. William N. Gurlman (Mr. Aaron Z. Schomer,* of counsel), for the appellant.

*Mr. Atwood C. Wolf,* for the respondent.

The opinion of the court was delivered by

HEHER, J.

After the institution of the action at law, and before trial of the issue joined, the defendant therein interposed this bill for reformation of the contract and an accounting, and

for a restraint against the prosecution of the action at law until the determination of this suit. A motion for an injunction *pendente lite* was denied; and a motion to dismiss the bill was held until final hearing. Following the trial of the action at law, the defendant herein answered the bill, setting up, *inter alia,* that the judgment in the action at law was "*res judicata* of the matters and facts set forth in the bill of complaint." Complainant filed a replication to the answer. Defendant thereupon moved for a dismissal of the bill on the pleadings, before final hearing. The learned Vice-Chancellor denied the motion, and reserved the question thereby raised for final hearing. Defendant appeals.

The insistence is that the judgment at law is *res judicata* of the issues here raised, and so there was error in the denial of the motion to dismiss the bill. This would be a conclusive defense if the judgment at law remained in force, for there the issue of the terms of the contract was fully litigated and determined by the jury on evidence *aliunde*. But, on the appeal of the defendant herein, the judgment was reversed *in toto* by this court at the current term, and a *venire de novo* was awarded. *New York Sash and Door Co., Inc.,* v. *National and Farms Association, Inc., 131 N. J. Law 466.* It was there held that the terms of the integration are clear and explicit, and therefore extraneous evidence cannot be considered in aid of construction, and it was error to allow the jury to ascertain the terms of the contract. It was pointed out that, if the instrument does not express the common intention, reformation in equity was the appropriate remedy. Defendant is guilty of a palpable inconsistency in maintaining that the judgment is *res judicata* of the issues here framed, the while contending in the law courts that it is infected with legal error and therefore should be reversed. It is elementary that the judgment at law is *res judicata* only "so long as it remains unreversed." *In re Walsh's Estate, 80 N. J. Eq. 565. Vide 30 Am. Jur. 950.* A judgment that has been reversed for error cannot work an estoppel. And, where equity entertains a bill for relief on equitable grounds, but stays further proceedings thereon pending the outcome of an action at law, the judgment at law is not *res judicata*

of issue raised in equity. *Metropolitan Life Insurance Co.* v. *Tarnowski, 130 N. J. Eq. 1.*

And there is no merit in the further contention that, by "its conduct and proceedings in the law action," complainant made an election of remedies which precludes resort to equity for reformation of the contract. As said, this bill was interposed before the trial of the action at law. It was open to complainant to invoke the jurisdiction of this court for a reformation of the contract to express the true agreement in aid of his remedy at law, and thereby he did not elect to pursue one of the two inconsistent remedies. *Nazzaro* v. *Globe and Republic Insurance Co., 127 N. J. Eq. 279; Metropolitan Life Insurance Co.* v. *Tarnowski, supra.*

The motion to dismiss the bill was addressed to the sound discretion of the Chancellor; and, in the circumstances, the discretion was properly exercised.

The order under review is accordingly affirmed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, CASE, BODINE, DONGES, HEHER, PORTER, COLIE, WELLS, RAFFERTY, HAGUE, THOMPSON, DILL, JJ. 13.

*For reversal*—PERSKIE, J. 1.